UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIMBERLY ANN FAIRCLOTH,

Plaintiff,

-v-

ZIMMER US INCORPORATED,

Defendant.

26-CV-7599 (JMF)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION

JESSE M. FURMAN, United States District Judge:

This action was submitted to the court by email and has been assigned the docket number listed above. To proceed with a civil action, a plaintiff must either pay the $405.00 in fees or, to request authorization to proceed without prepayment of fees, submit a signed *in forma pauperis* ("IFP") application. *See* 28 U.S.C. §§ 1914, 1915.[1]

Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or, if Plaintiff is unable to pay such fees, Plaintiff should complete, sign, and submit the attached IFP application. Payment of the fees should be mailed to the following address: United States District Court for the Southern District of New York, Cashiers-Room 260, 500 Pearl Street, New York, NY 10007. Payment of the fees by mail must (1) be made by money order or certified check; (2) be made payable to: Clerk, USDC, SDNY; and (3) include the docket number listed above. Personal checks are not accepted. Payment of the fees also can be made in person at the courthouse by credit card, money order, certified check, or cash.

No further action will be taken in this case, and no summons shall issue or answer be

[1] The $405.00 in fees includes a $350.00 filing fee plus a $55.00 administrative fee.

required, until the fees are paid or a completed and signed IFP application is received. If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). If Plaintiff submitted proper payment for this action before receiving this order, the case will proceed once that payment is processed. If Plaintiff fails to comply with this order within the time allowed, or fails to seek an extension of time to comply, the action will be dismissed without prejudice to refiling.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: September 10, 2026
New York, New York

JESSE M. FURMAN
United States District Judge