- 
  - UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

KIMBERLY A. FAIRCLOTH,

Plaintiff,

v.

ZIMMER US INC.

Defendants.

Case No.: 1:26-cv-7599-JMF

PLAINTIFF'S MOTION / STATEMENT OF REASONS FOR LEAVE TO ADD DEFENDANTS

(BANNER HEALTH AND CORE INSTITUTE)

TO THE HONORABLE COURT AND ALL PARTIES OF RECORD:

COMES NOW Plaintiff, Kimberly A. Faircloth, proceeding pro se, and respectfully submits this statement to explain the necessity of joining Banner Health ("Banner") and The CORE Institute ("CORE") as essential defendants in the above-captioned matter pursuant to Rules 15 and 20 of the Federal Rules of Civil Procedure.

In support of this request, Plaintiff sets forth the following factual basis:

Direct Connection to the Transaction and Occurrence: The medical treatment, surgical procedures, and component tracking at issue in this action were conducted at facilities owned and operated by Banner Health, utilizing medical personnel and surgical teams affiliated with The CORE Institute.

Necessity for Full Adjudication: The claims against the existing Defendant(s) and the proposed entities arise directly out of the same series of surgical occurrences, recordkeeping practices, and medical device logging. Excluding Banner Health and The CORE Institute would prevent the Court from resolving all related claims in a single proceeding.

Complete Relief: To establish an accurate record of operating room access, component disposition, and surgical logs, complete discovery and

accountability from both the facility provider (Banner) and the treating medical group (CORE) are required alongside the manufacturer.

Lack of Prejudice: This action is in its initial filings stage. Granting leave to add these parties will not delay proceedings or prejudice any named party.

WHEREFORE, Plaintiff respectfully requests that the Court permit the inclusion of Banner Health and The CORE Institute as co-defendants in this matter.

Respectfully submitted,

/ Kimberly A. Faircloth

Kimberly A. Faircloth, Plaintiff Pro Se

Email: wenki2@yahoo.com

Dated: September 10, 2026

In light of Plaintiff's *pro se* status, the Court construes this filing as a motion for leave to file an amended complaint, which is GRANTED. To the extent that Plaintiff is not entitled to amend her complaint pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, she is granted leave to amend her complaint pursuant to Rule 15(a)(2). Plaintiff shall file her amended complaint no later than October 1, 2026. The Clerk of Court is directed to terminate ECF No. 11.

SO ORDERED

September 16, 2026