UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMBERLY ANN FAIRCLOTH, Plaintiff, -v- ZIMMER US INCORPORATED, Defendant. | 26-CV-7599 (JMF) ORDER OF SERVICE |

JESSE M. FURMAN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action as part of a multi-district litigation, 18-MD-2859, alleging that she suffered injuries resulting from the implantation of an M/L Taper with Kinectiv femoral stem and neck, *see* ECF No. 1, at 5-6. She names as Defendants Zimmer Us, Inc. (A/K/A Zimmer Biomet), Banner Health and The CORE Institute. *See* ECF No. 16. By Order dated September 16, 2026, the Court granted Plaintiff's request to proceed without prepayment of fees.[1] *See* ECF No. 14. Plaintiff is therefore entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).[2]

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to issue summonses for Defendants Zimmer Us, Inc. (A/K/A Zimmer Biomet), Banner Health and The CORE Institute, fill out U.S. Marshals Service Process Receipt and Returns (Form USM-285), and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

---

1 The parties are directed to disregard the Court's order at ECF No. 17, which erroneously referred to Plaintiff as having paid the filing fees to commence the action. All deadlines set forth in that order are superseded by the deadlines set forth herein.

2 Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

(2d Cir. 2012) (holding that it is the *pro se* plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

As previously mentioned at ECF No. 17, Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The clinic is run by a private organization called the City Bar Justice Center ("CBJC"); it is not part of, or run by, the court (and therefore cannot, among other things, accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit). To receive limited-scope assistance from the clinic, Plaintiff should make an appointment by completing the CBJC's online intake form, located at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project.

As Plaintiff previously consented to electronic service via the ECF system, see ECF No. 6, there is no need to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: November 6, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Center for Research and Education
   18444 N. 25th Avenue
   Suite 320
   Phoenix, AZ. 85023

2. Banner Health
   ATTN: Legal Department/Corporate Officer
   3200 East Camelback Road
   Phoenix, Arizona
   85018

3. Zimmer, Inc.
   1800 W. Center Street
   Warsaw, IN. 46580